IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TYLER B. HUGHES,

              Petitioner,

    v.

DEWAYNE HENDRIX,

              Respondent.

Case No. 3:22-cv-01469-HZ

OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner filed his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus on September 29, 2022 challenging the Bureau of Prisons' ("BOP's") calculation of his federal sentence. This prompted the Court to issue a Scheduling Order calling for a Response from Respondent within 20 days, and a supporting memorandum from Petitioner 60 days thereafter. Respondent timely filed his Response on November 21, 2022. He asks the Court to deny relief on the Petition because Petitioner failed to exhaust his administrative remedies and, alternatively, because his claims lack merit. Although Petitioner's supporting memorandum was due on January 20, 2023, he has not filed a brief or otherwise addressed Respondent's arguments.

"In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano,*

1 - OPINION AND ORDER

649 F.3d 899, 900 (9th Cir. 2010) (per curiam). Petitioner acknowledges in his Petition that he has not attempted to exhaust his administrative remedies, and claims that "challenges of this sort do not require exhaustion[.]" Petition (#1), p. 2. To the contrary, exhaustion is required because that process permits the administrative agency an opportunity to correct its errors and aids "judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Exhaustion of administrative remedies prior to filing suit is particularly applicable to cases (such as this one) that involve a fact-intensive inquiry. *See Chua Han Mow v. U.S.,* 730 F.2d 1308, 1313-14 (9th Cir. 1984) (an action involving computation of a prisoner's sentence "is exactly the type of case in which exhaustion of administrative remedies should be required.").

Petitioner also asserts that there is a general "threat of retaliation and lack of staff [that] make internal remedy impossible." Petition (#1), p. 2. As Respondent points out, this conclusory, unsupported allegation is insufficient to establish that the administrative remedy system at FCI-Sheridan was unavailable to Petitioner. Where Petitioner failed to exhaust his administrative remedies, the Court dismisses the Petition without prejudice.

## CONCLUSION

The Petition for Writ of Habeas Corpus (#1) is dismissed, without prejudice, for lack of exhaustion.

IT IS SO ORDERED.

<u>  February 7, 2023  </u>
DATE

Marco A. Hernandez
United States District Judge

2 - OPINION AND ORDER